UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SABER DAHEYA , | ) |
| | ) |
| Plaintiff, | ) |
| | ) **TRIAL BY JURY DEMANDED** |
| vs. | ) |
| SGT. ALAN NEWHALL, | ) |
| LT. JAMES BOLAND, | ) |
| C/O DONALD MORONEY | ) |
| C/O RYAN KRAM, | ) |
| C/O WILLIAM LEE, | ) |
| C/O SUSAN PRENTICE, | ) |
| and THE STATE OF ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

The PLAINTIFF, SABER DAHEYA, by and through his attorneys of DVORAK LAW OFFICES, LLC, hereby submits the following Complaint:

### Jurisdiction/Venue

1. The incident that form the basis of the claims in this Complaint occurred on December 22, 2016 at Pontiac Correctional Center, in Pontiac, Livingston County, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the judicial code 28 U.S.C. § 1331 and § 1343(a), pendent jurisdiction under 28 U.S.C. § 1367(a), and the Constitution of the United States.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) as, upon information and belief, all defendants reside in the judicial district, and the events giving rise to the claims asserted occurred in this district.

### Parties

4. At all relevant times pertaining to this occurrence, the Plaintiff Saber Daheya, was an inmate at the Pontiac Correctional Center, maintained by the Illinois Department of Corrections ("IDOC") in Pontiac, Illinois.

5. Plaintiff is not in custody as of the date of this filing, having since been released from IDOC.

6. Sgt. Newhall, Lt. Boland, C/O Moroney, C/O Kram, C/O W. Lee, and C/O Susan Prentice were acting under color of law and in the course and scope of their duties as correctional officers for the Illinois Department of Corrections, an agency of the Defendant State of Illinois.

**Facts**

7. On December 22, 2016, the Plaintiff was approached by Defendant Sgt. Newhall, who asked that the Plaintiff place his hands behind his back for handcuffing, and also that the Plaintiff kneel and allow himself to be shackled.

8. The Plaintiff complied with Defendant Newhall's instructions and made no protest. Defendant Newhall led the Plaintiff away from his cell and down some stairs, past certain other inmates who were hostile to the Plaintiff. One of these inmates lunged at the plaintiff and appeared to ready himself to kick the Plaintiff; the Plaintiff flinched defensively, though he was in irons and was, on the whole, defenseless.

9. At that point, Defendant Newhall, acting unreasonably and without lawful justification, and for no reason necessary to maintain order, slammed the Plaintiff to the ground; the impact injured the Plaintiff's eye and caused him to bleed profusely.

10. Immediately thereafter, Defendant Moroney and Defendant Newhall, acting unreasonably and without lawful justification, and for no reason necessary to maintain

order, began repeatedly punching and kicking the Plaintiff in the ribs; they did so while Defendant Kram held the Plaintiff's legs down, and Defendant Moroney pressed his knee into the Plaintiff's back.

11. Defendants Moroney, Newhall, and Kram did nothing to prevent or stop one another from beating the Plaintiff, though all three had the opportunity to do so.

12. Defendant Boland also witnessed this beating by Moroney, Newhall and Kram. and did nothing to prevent it or stop it, despite having an opportunity to do so.

13. The beating stopped after several minutes; Defendants Boland, Moroney, and Kram falsely told other correctional personnel that the Plaintiff had attacked an officer.

14. The Plaintiff was taken to receive medical attention and received multiple stitches to his face and/or the area around eye.

15. The Plaintiff was then taken to the North Cell House (NCH) in leg irons and manacles.

16. Upon entering the NCH, Defendant Lee, acting unreasonably and without lawful justification, and for no reasons necessary to maintain order, tightened the Plaintiff's cuffs and twisted his hands, causing the Plaintiff intense pain. Defendant Lee asked the Plaintiff if he "liked attacking correctional officers" and forced the Plaintiff to the floor by his neck and hair, and scraped the Plaintiff's face against the floor, opening certain of the sutures on the Plaintiff's face.

17. Defendant Lee's Actions were witnessed by Defendant Prentice who did nothing to prevent it or stop it, despite having an opportunity to do so. The Plaintiff called out to Defendant Prentice, stating that Defendant Lee was hurting him; Defendant Prentice responded, saying "I don't give a fuck."

18. As stated above, the Defendants' conduct caused the Plaintiff serious injuries to his face, eye, ribs and back, as well as pain to these parts of his body.

19. As a direct and proximate result of the conduct of the Defendant Officers, the Plaintiff suffered, among other injuries, chest contusions, loss of consciousness, and extreme physical and emotional pain and suffering.

20. The actions of the Defendant Officers and/or the failure of the Defendant Officers to intervene amounted to a violation of the Plaintiff's rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment.

### COUNT I – EXCESSIVE FORCE
### 42 U.S.C. § 1983

**Plaintiff v. Defendants Newhall, Moroney, Kram, and Lee**

21. All of the above paragraphs are incorporated herein.

22. Defendants Newhall, Moroney, Kram, and Lee, acting unreasonably, willfully and wantonly, for the purpose of harming the Plaintiff, and not in any good-faith effort to maintain or restore security or order, intentionally used force upon the Plaintiff, in violation of his rights under the Eighth Amendment of the U.S. Constitution, causing him damages.

### COUNT II – FAILURE TO INTERVENE
### (TO PREVENT EXCESSIVE FORCE)
### 42 U.S.C. § 1983

**Plaintiff v. Defendants Newhall, Moroney, Kram, Boland, and Prentice**

23. All of the above paragraphs are incorporated herein.

24. Defendants Newhall, Moroney, and Kram, failed to intervene to prevent one another from beating the Plaintiff and causing the constitutional violations described in Count I, despite having the opportunity to do so.

25. Defendant Boland failed to intervene to prevent Defendants Newhall, Moroney, and Kram from beating the Plaintiff, and causing the constitutional violations described in Count I, despite having the opportunity to do so.

26. Defendant Prentice failed to intervene to prevent Defendant Lee from beating the Plaintiff, and causing the constitutional violations described in Count I, despite having the opportunity to do so.

## COUNT III - INDEMNIFICATION
## STATE LAW CLAIM

### Plaintiff v. The State of Illinois

27. The Plaintiff brings a claim for indemnification under the State Employee Indemnification Act, 5 ILCS 350/2 and reserves the right to enforce his rights under that Act with respect to any judgment entered in this case.

WHEREFORE, the Plaintiff demands compensatory damages against the Defendant Officers, and because the Defendant Officers acted in a willful and wanton manner, the Plaintiff also seeks punitive damages against those officers. The Plaintiff also seeks the costs of this action, plus attorneys' fees and any such other and additional relief as this Court deems appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

    Respectfully submitted,
    s/Adrian Bleifuss Prados
    One of the Plaintiff's Attorneys
    DVORAK LAW OFFICES, LLC
    6262 Kingery Highway
    Ste. 305

Willowbrook, IL 60527